```
                    MARYELLEN O'SHAUGHNESSY
     CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
                              CIVIL DIVISION
```

BIRNAM WOOD CONDOMINIUM ASSOCIATION
8372 MURIFIELD DRIVE
DUBLIN, OH 43017-9763,

          PLAINTIFF,
              VS.
PEKIN INSURANCE COMPANY
2505 COURT STREET
PEKIN, IL 61558,

          DEFENDANT.

24CV-08-6221
**CASE NUMBER**

AUG 2 0 2024

                **** SUMMONS ****             08/09/24

TO THE FOLLOWING NAMED DEFENDANT:
     PEKIN INSURANCE COMPANY
     2505 COURT STREET
     PEKIN, IL 61558

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:    BIRNAM WOOD CONDOMINIUM ASSOCIATION
       8372 MURIFIELD DRIVE
       DUBLIN, OH 43017-9763,

                                                    PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
     DANIEL W. BALLARD
     MERLIN LAW GROUP, PLLC
     125 HALF MILE RD
     SUITE 110
     RED BANK, NJ 07701

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

                                                                       **EXHIBIT A**

BY:  TAMMY SEELIG, DEPUTY CLERK
                                                                    (CIV370-S03)

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

JUDGE S. MCINTOSH

BIRNAM WOOD CONDOMINIUM ASSOCIATION, ET. AL.,
  PLAINTIFF,

VS.

PEKIN INSURANCE COMPANY, ET. AL.,
  DEFENDANT.

24CV-08-6221
CASE NUMBER

CLERK'S ORIGINAL CASE SCHEDULE
---------------------------------

| | LATEST TIME OF OCCURRENCE |
|---|---|
| CASE FILED | 08/09/24 |
| INITIAL DISCLOSURES OF THE PARTIES [CIV. R. 26(B)(3)] | 10/04/24 |
| DISCOVERY CONFERENCE OF COUNSEL AND UNREPRESENTED PARTIES [CIV. R. 26(F)] | 12/06/24 |
| JOINT DISCOVERY PLAN TO BE FILED | 14 DAYS AFTER DISCOVERY CONFERENCE |
| CASE MANAGEMENT/PRETRIAL CONFERENCE WITH COURT | SET UPON REQUEST TO CHAMBERS |
| EXPERT WITNESS [CIV. R. 26(B)(7)] | |
|   DISCLOSE IDENTITY - PARTY WITH BURDEN | 01/03/25 |
|   DISCLOSE IDENTITY - PARTY WITHOUT BURDEN | NO LATER THAN 30 DAYS AFTER OPPOSING DISCLOSURE |
|   EXPERT REPORT & CV DUE - PARTY WITH BURDEN | 01/31/25 |
|   EXPERT REPORT & CV DUE - PARTY WITHOUT BURDEN | NO LATER THAN 45 DAYS AFTER OPPOSING REPORTS |
| DISPOSITIVE MOTION DEADLINE | 04/04/25 |
| DISCOVERY CUTOFF DATE | 05/02/25 |
| FINAL PRETRIAL CONFERENCE | SET UPON REQUEST TO CHAMBERS |
| TRIAL ASSIGNMENT | 08/11/25 1030 AM |

PAGE 1

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

JUDGE S. MCINTOSH

BIRNAM WOOD CONDOMINIUM ASSOCIATION, ET. AL.,
    PLAINTIFF,

VS.

PEKIN INSURANCE COMPANY, ET. AL.,
    DEFENDANT.

24CV-08-6221
CASE NUMBER

CLERK'S ORIGINAL CASE SCHEDULE

## NOTICE TO ALL PARTIES

    Attorneys and unrepresented parties must become familiar with the 2020 amendments to the Ohio Rules of Civil Procedure and this court's Local Rules.

    The Original Case Schedule is an important tool to assist the parties and the court in meeting case management guidelines in the Ohio Superintendence Rules, and otherwise achieving timely disposition of civil cases notwithstanding the priority given to criminal cases under Crim. R. 50.

    Judicial Officers of this court may modify the Original Case Schedule following receipt of the parties' Joint Discovery Plan, or for good cause at any other point in the case. However, it is essential for attorneys and unrepresented parties to pursue their cases diligently from the outset. Deadlines set in the Rules and in this Original Case Schedule are normally binding, not merely aspirational.

                        BY ORDER OF THE COURT OF COMMON PLEAS,
                        FRANKLIN COUNTY, OHIO

                        MARYELLEN O'SHAUGHNESSY, CLERK

                                  (CIV363-S10)

Case: 2:24-cv-03920-MHW-EPD Doc #: 1-1 Filed: 09/09/24 Page: 4 of 10 PAGEID #: 8
Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Aug 09 7:21 PM-24CV006221
0G958 - C78

# MARYELLEN O'SHAUGHNESSY

# FRANKLIN COUNTY CLERK OF COURTS
## GENERAL DIVISION, COURT OF COMMON PLEAS

CASE TITLE: BIRNAM WOOD CONDOMINIUM ASSOCIATION -VS- PEKIN INSURANCE COMPANY

CASE NUMBER: 24CV006221

TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:
CERTIFIED MAIL

DOCUMENTS TO BE SERVED:
COMPLAINT
EXHIBITS Exhibits A-B

PROPOSED DOCUMENTS TO BE SERVED:

UPON:
PEKIN INSURANCE COMPANY
2505 COURT STREET
PEKIN, IL 61558

JUVENILE CITATIONS ONLY:

  HEARING TYPE:

  _ Date already scheduled at  :  Courtroom:

Electronically Requested by:  DANIEL WAYNE BALLARD
Attorney for:

IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO
GENERAL DIVISION

| | | |
|---|---|---|
| BIRNAM WOOD<br>CONDOMINIUM ASSOCIATION<br>8372 Murifield Drive<br>Dublin, Ohio 43017-9763 | )<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>) | |
| vs. | ) <br>)<br>) | **CIVIL ACTION COMPLAINT** |
| PEKIN INSURANCE COMPANY<br>2505 Court Street<br>Pekin, Illinois 61558 | )<br>)<br>)<br>) | **[JURY DEMAND ENDORSED HEREON** |
| Defendant. | )<br>) | |

## COMPLAINT

1. Plaintiff, BIRNAM WOOD CONDOMINIUM ASSOCIATION, is a nonprofit corporation with a mailing address set forth above.

2. Defendant, PEKIN INSURANCE COMPANY ("Pekin"), is a corporation that regularly conducts business in Franklin County and maintains its principal place of business at the address set forth above.

3. Defendant, in its regular course of business issued to Plaintiff a policy of insurance ("the Policy") covering nineteen (19) premises contained in the Birnam Wood Condominium Association. A true and correct copy of the declarations and endorsements of the insurance policy is attached hereto and incorporated herein as Exhibit "A". A true and correct copy of the premises schedule is attached as Exhibit "B".

4. The applicable premises that are the subject of this lawsuit are 8649 Dunsinane Drive, 8671 Dunsinane Drive, 8693 Dunsinane Drive, 8715 Dunsinane Drive, 8737 Dunsinane

Case: 2:24-cv-03020-MHW-EPD Doc #: 1-1 Filed: 08/09/24 Page: 6 of 10 PAGEID #: 10
Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Aug 09 7:21 PM-24CV006221
0G958 - C73

Drive, 8759 Dunsinane Drive, 8781 Dunsinane Drive, 8825, 8716 Dunsinane Drive, 8802 Dunsinane Drive, 8627 Dunsinane Drive, and 8824 Dunsinane Drive ("The Properties").

5. On or about August 21, 2022, while the Policy was in full force and effect, Plaintiff suffered direct physical loss to the properties as a result of a peril insured against under the Policy issued by Pekin, to wit windstorm damage.

6. Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiff, at all relevant times, fully complied with all the terms and conditions required by the Policy.

7. Defendant, despite demand for benefits under the Policy, has refused, without legal justification or cause, and continues to refuse to fully pay to Plaintiff the monies owed for the damage suffered as a result of the loss.

8. Solely as a result of Defendant's failure and refusal to pay the full amount of benefits to Plaintiff as required under the policy, Plaintiff has suffered loss and damage.

## COUNT 1 – BREACH OF CONTRACT

9. Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

10. Defendant is obligated by the terms of the contract to indemnify Plaintiff's loss.

11. Specifically, the Building coverage form of the policy issued by Defendant provides coverage for direct physical loss of or damage to covered property.

12. Plaintiff's properties suffered direct physical loss from a windstorm event that occurred on August 21, 2022.

13. Plaintiff hired Andrew Kobak of Cleveland Public Adjusters to perform an investigation as to the damage to the property.

Case: 2:24-cv-03020-MHW-ERD Doc #: 1-1 Filed: 09/09/24 Page: 7 of 10 PAGEID #: 11
Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Aug 09 7:21 PM-24CV006221
0G958 - C74

14. Mr. Kobak concluded the properties sustained damage from the August 21, 2022 windstorm and prepared estimates for the damaged properties.

15. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's loss, Defendant has not paid Plaintiff all the policy benefits to which it is entitled under the policy.

16. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages together with interest, court costs and damages for delay as to Count One of the Complaint.

## COUNT 2 – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AND BAD FAITH

17. Plaintiff incorporates by reference the allegations contained in the above-stated paragraphs.

18. The insurance policy contains an implied covenant of good faith and fair dealing that imposes on Defendant an obligation not to do anything to injure the rights of Plaintiff to receive the benefits of the Policy and to not place its own interests above those of its policyholder.

19. Defendant has an obligation to act in good faith towards Plaintiff in every decision it makes regarding the claim and to respond and investigate claims in good faith.

20. Defendant has acted in bad faith towards Plaintiff with respect to its claim by, among other things:

   a) Applying an excessive amount of depreciation without a reasonable basis;

Case: 2:24-cv-03320-MHW-EPD Doc #: 1-1 Filed: 09/09/24 Page: 8 of 10 PAGEID #: 12
Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Aug 09 7:21 PM-24CV006221
0G958 - C75

b) Failing to replace damaged shingles, which are no longer available, with shingles of the same quality, size, or color;

c) Failing to replace damaged shingles, which are no longer available, with shingles that would present a reasonably comparable appearance;

d) Continued failure to replace damaged shingles with shingles that would present a reasonably comparable appearance after being provided with proof that Defendant's proposed replacement shingles did not present a reasonably comparable appearance.

e) Failure to amend its estimate in the face of evidence supporting that Defendant's proposed replacement shingles did not present a reasonably comparable appearance.

f) Acting in a one-sided manner and exposing Plaintiff to severe losses for which Plaintiff purchased appropriate insurance coverage by way of the Policy and

g) refusing to pay claims without legal compulsion and forcing Plaintiff to protect itself by way of this lawsuit against Defendant.

21. Specifically, the damaged shingles are no longer manufactured.

22. Defendant proposed a certain shingle to use to repair Plaintiff's roofs.

23. Plaintiff's representative obtained the proposed shingles and took sample photos of the shingles in comparison to the shingles that exist on the roofs.

24. The photos clearly depict that the proposed shingles do not present a reasonably comparable appearance to the existing shingles on the roofs.

25. Plaintiff's representative provided the photos to Defendant and advised that the proposed shingles do not provide a reasonably comparable appearance (Ex. C – Photos of proposed shingle).

Case: 2:24-cv-03030-MHW-EPD Doc #: 1-1 Filed: 09/09/24 Page: 9 of 10 PAGEID #: 13
Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Aug 09 2:21 PM-24CV006224
0G958 - C76

26. Plaintiff's representative also cited Ohio Administrative Code, Rule 3901-1-54(I)(1)(b) which states that "when an interior or exterior loss requires replacement of an item and the replaced item does not match the quality, color or size of the item suffering the loss, the insurer shall replace as much of the item as to result in a reasonably comparable appearance".

27. However, despite being provided the code and proof through photos that repair with Defendant's proposed shingles would not result in a reasonably comparable appearance, Defendant continues to refuse to either (1) provide a further alternative shingle or (2) agree to replace the entire roofs with a different shingle.

28. Defendant is ignoring the interests of its policyholder and coverage owed to it in favor of its own interests. Defendant is acting only out of its own self-interest.

29. As a result of Defendant's refusal to honor its obligation to act in good faith with respect to Plaintiff's claim, Plaintiff has incurred costs and expenses including attorneys' fees in connection with his pursuit for insurance coverage in this lawsuit.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages together with interest, court costs, damages for delay, punitive damages, attorneys' fees, and for such relief as the Court may deem equitable and just as to count two of the Complaint.

**MERLIN LAW GROUP, PLLC**

Date: August 9, 2024

*/s/ Daniel W. Ballard, Esq.*
Daniel W. Ballard, Esq.
Ohio Bar No. 102851
125 Half Mile Road, Suite 110
Red Bank, NJ 07701
(T) 732-704-4647
(F) 732-704-4651
dballard@merlinlawgroup.com
*Attorney for Plaintiff*

Case 2:24-cv-03020-MHW-EPD Doc #: 1-1 Filed: 09/09/24 Page: 10 of 10 PAGEID #: 14
Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Aug 09 7:21 PM-24CV006221
0G958 - C77

## JURY DEMAND

Plaintiff demands trial by jury with the maximum number of jurors allowable by law.

/s/ *Daniel W. Ballard, Esq.*
Daniel W. Ballard, Esq (102581)