UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Birnam Wood Condominium
Association,

        Plaintiff,

        v.

Pekin Insurance Company,

        Defendant.

Case No. 2:24-cv-3920

Judge Michael H. Watson

Magistrate Judge Shimeall

## OPINION AND ORDER

Pekin Insurance Company ("Defendant") moves in limine to preclude the testimony of Birnam Wood Condominium's ("Plaintiff") expert witnesses.  Mot., ECF No. 34.[1]

For the reasons below, Defendant's motion is **DENIED**.

## I.    STANDARD OF REVIEW

A motion in limine is "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  Courts generally use such motions "to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citation omitted).  The Court

---

[1] Defendant filed its motion in limine, Mot., ECF No. 34, and later amended the same, Am. Mot., ECF No. 37.

derives its authority to rule in limine from its inherent authority to manage trials. *See Luce*, 469 U.S. at 41 n.4. But a ruling on a motion in limine is "no more than a preliminary, or advisory, opinion . . . [and] the district court may change its ruling at trial for whatever reason it deems appropriate." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

Trial courts hesitate to exclude broad categories of evidence on a pretrial basis because the context of trial provides a far better viewpoint from which to assess the elements pertaining to admissibility. *Black v. Columbus Pub. Schs.*, No. 2:96-CV-326, 2007 WL 2713873, at *2 (S.D. Ohio Sept. 17, 2007). Consequently, the Court will exclude evidence pursuant to a motion in limine only if the evidence is clearly inadmissible. *Wilson v. Hill*, No. 2:08-cv-552, 2013 WL 210285, at *1 (S.D. Ohio Jan. 18, 2013). If the movant fails to meet this high standard, a court should defer evidentiary rulings so that the issues may be resolved in the context of a trial. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

## II.  ANALYSIS

Defendant moves to exclude Plaintiff's expert witnesses—namely, Andrew Kobak ("Kobak"), Ryan Lephart ("Lephart"), Brian Walker ("Walker"), and Tom Eggers ("Eggers" and, together with Kobak, Lephart, and Walker, the "Roof Contractors") because Plaintiff failed to submit written expert reports as Federal Rule of Civil Procedure 26(a)(2)(B) requires. Mot., ECF No. 34. Specifically, Defendant argues that (1) Plaintiff "retained or specially employed" the Roof Contractors as experts for this action; and (2) the Court should preclude Kobak's

expert testimony because he has a contingency fee arrangement with Plaintiff. *Id.*

Plaintiff, however, argues that it did not disclose the Roof Contractors as "experts" under Rule 26(a)(2) as they were "not retained or specially employed to provide expert testimony in the case." Resp., ECF No. 39 at PAGEID # 853 (quoting Fed. R. Civ. P. 26(a)(2)(C)). Instead, Plaintiff contends that, because the Roof Contractors are so-called "hybrid" witnesses, it need not submit expert reports, and the Court need not preclude the Roof Contractors' testimony. *Id.* And, as Rule 26(a)(2)(C) requires, Plaintiff has sufficiently disclosed the Roof Contractors as non-expert witnesses. *Id.* at PAGEID # 858. Plaintiff further argues that Kobak's contingency fee arrangement is not a basis to preclude his testimony. *Id.* at PAGEID # 867.

## A.    Retained Experts versus Treating Physician Exception

"A witness who is 'retained or specially employed to provide expert testimony in the case' must provide a written report containing certain required disclosures. Fed. R. Civ. P. 26(a)(2)(B). However, for witnesses who are not required to file a written report, a disclosure must simply be made in accordance with the less onerous disclosure standard Rule 26(a)(2)(C)." *Hinkle v. Ford Motor Co.*, No. 3:11-24-DCR, 2013 WL 1992834, at *1 (E.D. Ky. May 13, 2013). Rule 26, however, does not define "retained or specially employed." *Barnes v. CSXT Transp., Inc.*, No. 3:13-cv-00525, 2017 U.S. Dist. LEXIS 53650, at *36 (W.D. Ky. Apr. 7, 2017) (citation omitted). Whether the expert has received

payment for such testimony is not determinative.  *Id.* (citation omitted).  Rather,

to determine whether the expert is subject to subsection (B) or subsection (C) of

the rule, courts turn to the *Fielden* factors: "(1) whether the alleged treating

physician was retained to provide expert testimony; (2) whether the physician

formed his or her opinions at the time of treatment or in anticipation of litigation;

(3) whether the lack of a full expert report would implicate Rule 26's purposes

of avoiding surprise and unnecessary depositions; (4) whether any expert opinion

on causation was formed during the course of treatment; and (5) whether the

claimed physician will testify to issues beyond those ordinarily present in his or

her medical training."  *Id.* (citing cases); *Fielden v. CSX Transp., Inc.*, 482 F.3d

866, 870 (6th Cir. 2007).  The *Fielden* court held that the "scope of the proposed

testimony" is the determinative factor.  *Barnes*, 2017 U.S. Dist. LEXIS 53650, at

*38 (citing *Fielden*, 482 F.3d at 871).

Courts have long determined, for example, that treating physicians can

provide expert testimony as to a patient's illness, diagnosis, and causation but

not issues beyond the scope of those covered in the treating physician's ordinary

medical training.  *Id.* (citation omitted).  And the treating physician need not

provide a written report.  *Fielden*, 482 F.3d at 871.  This is often known as the

"treating physician exception."  *Barnes*, 2017 U.S. Dist. LEXIS 53650, at *40.

Courts have applied the "treating physician exception" to a variety of other

professionals who, like here, offer opinions "based on matters personally

observed or experienced."  *Id.* at *41 (collecting cases).

The Roof Contractors' testimony is permissible because they were not "retained or specially employed" for this case.  Because Plaintiff hired the Roof Contractors for the purposes of inspecting the damage to the roof, estimating repairs, testing for asbestos, and/or providing insurance adjuster services, they are analogous to treating physicians.  *See, e.g.*, *Am. Prop. Constr. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 4 (D.D.C. 2011) (finding that contractors that performed their duties on the property and inspected the premises need not submit an expert report); *see also Smith v. Jacobs Eng'g Grp., Inc.*, No. 4:06cv496-WS, 2008 WL 2781149, at *2 (N.D. Fla. Apr. 18, 2008) ("A damages assessment completed by an insurance adjuster days after an accident is not unlike the diagnosis of a physician treating an injured person.").

To be sure, Plaintiff hired Lephart in September 2022 (two weeks after the windstorm damaged twelve of Plaintiff's properties) to inspect the roofs on its townhomes.  Resp., ECF No. 39 at PAGEID # 854.  Likewise, Plaintiff hired Kobak eight months before commencing this action for public adjuster services— namely, to provide estimates and reports documenting the extent of the windstorm damage.  *Id.*  And Plaintiff hired Eggers and Walker to test the roof tiles for asbestos and provide reports of the same over a year before filing this action.  *Id.* at PAGEID # 855.  Defendant is hardly poised to be "surprised" by these witnesses' testimony based on Plaintiff's compliance with Rule 26(a)(2)(C)'s disclosure requirements.  At bottom, Plaintiff hired the Roof Contractors to inspect and perform damage assessments of the properties, and,

like a treating physician, their testimony at trial will be limited to facts observed during the normal course of their contractor or insurance adjuster duties, and their professional judgment based on such observed facts. *Barnes*, 2017 U.S. Dist. LEXIS 53650, at \*41. To the extent the Roof Contractors stray from this limitation, the Court expects Defendant to lodge a contemporaneous objection thereto.

## B.    Kobak's Contingency Fee Arrangement

In addition, Kobak's contingency fee is not grounds to preclude his testimony. Defendant argues that the Court should exclude Kobak's testimony because Plaintiff pays him through a contingency fee. Am. Mot., ECF No. 37 at PAGEID # 741 (citing *Riley v. Liberty Ins. Corp.*, No. 3:17 CV 1595, 2019 WL 5420590, at \*3 (N.D. Ohio Feb. 15, 2019)). It is true that the *Riley* court excluded an expert witness's report as a matter of public policy because the expert was retained by counsel and paid a contingency fee. *Riley*, 2019 WL 5420590 at \*3. But, as the *Riley* court acknowledged, the Sixth Circuit has not established a *per se* rule requiring exclusion of expert witnesses that have been paid a contingency fee. *Id.* Instead, the *Riley* court relied on the Ohio Rules of Professional Conduct, which provide that "an attorney should not compensate an expert witness with a contingent fee." *Id.* (citing Ohio Rules of Professional Conduct, Rule 3.4)

Unlike *Riley*, Plaintiff, without counsel, retained Kobak as an insurance adjuster well before filing this action. And Kobak's contingency fee arrangement

is based on Defendant's payment in settlement of Plaintiff's loss from the windstorm damage, not the outcome of the litigation.  Resp. Ex. L, ECF No. 39-13.  In any event, Kobak's contingent interest is better presented to the jury as a credibility issue at trial.  *See Robinson v. Nationstar Mortg. LLC,* No. TDC-14-3667, 2019 U.S. Dist. LEXIS 153526, *40–41 (D. Md. Sept. 9, 2019) (finding that "[t]he [expert's contingency] fee arrangement will be considered as an issue potentially affecting the credibility, rather than the admissibility, of the expert testimony" (citation omitted)).

Therefore, Defendant's motion in limine to preclude the Roof Contractors' testimony is **DENIED**.

### III.    CONCLUSION

For these reasons, Defendant's motion in limine, ECF No. 34, is **DENIED**.

The Clerk shall terminate ECF No. 34 as a pending motion.

**IT IS SO ORDERED**.

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**